IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TERRY FLOYD WALLING,**

         **Plaintiff,**

         **vs.**
                           CIVIL ACTION
                                   No. 11-3112-SAC

**JOSHUA PEERY,**

         **Defendant.**

**MEMORANDUM AND ORDER**

    This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner in state custody, proceeds pro se and seeks leave to proceed in forma pauperis.

*Motion to proceed in forma pauperis*

    Plaintiff's motion is governed by 28 U.S.C. § 1915. Pursuant to § 1915(b)(1), the court must assess as an initial partial filing fee twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.

    Having examined the financial records submitted with the motion, the court finds the average monthly deposit to plain-

tiff's account is $3.54, and the average monthly balance is $.1.33. The court therefore does not assess an initial partial filing fee but advises plaintiff that he remains obligated to pay the statutory filing fee of $350.00.[1]

*Screening*

Because plaintiff is a prisoner seeking relief against a government employee, the court much conduct an initial screening of his complaint and must dismiss the complaint, or any portion of it, if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from that relief. 28 U.S.C. §1915A(a)-(b).

Having conducted that screening, the court finds this matter must be dismissed for failure to state a claim upon which relief may be granted. Plaintiff's claims against defendant Peery allege negligence in his conduct of official duties.

---

[1] The Finance Office of the facility where plaintiff is incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

However, liability under § 1983 cannot be based upon a claim of negligence or gross negligence. *See Daniels v. Williams*, 474 U.S. 327, 330-32 (1986)(claims of negligence are not cognizable under § 1983); *Woodward v. City of Worland*, 977 F.2d 1392, 1399-1400 (10th Cir. 1992)(same). Thus, plaintiff does not state a claim for federal relief and must pursue his claims in the state courts.

 IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

 IT IS FURTHER ORDERED this matter is dismissed for failure to state a claim upon which relief may be granted.

 IT IS FURTHER ORDERED plaintiff's motion for the appointment of counsel (Doc. 3) is denied as moot.

 Copies of this order shall be transmitted to the plaintiff and to the Finance Office of the facility where he is incarcerated.

 **IT IS SO ORDERED**.

 Dated at Topeka, Kansas, this 20th day of July, 2011.


 S/ Sam A. Crow
 SAM A. CROW
 United States Senior District Judge

4